AO 72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 FEB -5 A 10: 40
CLERK R. ____
SO. DIST. OF GA

| | |
|---|---|
| AL RICO MAPP, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: CV612-103 |
| DON JARRIEL; JOHN PAUL; DOUG WILLIAMS; WENDELL FOWLER; JAVAKA JOHNSON; Officer SAPP; and Officer WATERS, | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Al Rico Mapp ("Plaintiff"), an inmate currently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed an action pursuant to 42 U.S.C. §§ 1983 and 1988, by and through counsel, contesting certain conditions of his incarceration at Georgia State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. 28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Johnson assaulted him while Defendants Sapp and Waters held Plaintiff's cuffed hands and legs. Plaintiff contends that, as a result of this excessive use of force, he suffered severe cuts and bruises and had to get medical treatment for his injuries. In addition to Defendants Johnson, Sapp, and Waters, Plaintiff names as Defendants: Don Jarriel, Warden; Doug Williams, Deputy Warden; John Paul, Deputy Warden; and Wendell Fowler. Plaintiff names all Defendants in their individual and official capacities.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

2

Plaintiff fails to make any factual allegations that Jarriel, Williams, Paul, or Fowler were involved in any way with the alleged use of excessive force. "Section 1983 will not support a claim based on a *respondeat superior* theory of liability." Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1035 (11th Cir. 2001) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). Plaintiff does allege that Defendants Jarriel, Williams, Paul, and Fowler "were deliberately indifferent to the history of incidents involving correctional officers at the Georgia State Prison using excessive force in dealing with inmates." (Doc. No. 6, p. 8). Seemingly, Plaintiff intends to argue that Defendants Jarriel, Williams, Paul, and Fowler knew that their subordinates would act unlawfully, one method of establishing a causal connection for the purpose of pleading supervisory liability. See Young v. Nichols, 398 F. App'x 511, 515 (11th Cir. 2010). However, Plaintiff has not alleged any facts tending to show that there have been various incidents of excessive force at Georgia State Prison. Plaintiff makes conclusory allegations regarding Defendants Jarriel, Williams, Paul, and Fowler. However, Plaintiff has not alleged any facts tending to show that Defendants Jarriel, Williams, Paul, or Fowler "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995) (citations omitted). Plaintiff has not shown that he is entitled to relief against Defendants Jarriel, Williams, Paul, or Fowler for any constitutional violation. As a result, all allegations against Defendants Jarriel, Williams, Paul, and Fowler should be **DISMISSED**.

In addition, Plaintiff's claims for monetary damages against Defendants Johnson, Sapp, and Waters in their official capacities should be dismissed. A lawsuit against officials in their official capacities is no different from a suit against the government

AO 72A
(Rev. 8/82)

itself; such defendants are immune. Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)). Plaintiff's monetary damages claims against Defendants Johnson, Sapp, and Waters should be **DISMISSED**.

Plaintiff titles Count Two of his Complaint "DUE PROCESS CRUEL AND UNUSUAL PUNISHMENT." (Doc. No. 6, p. 12). Plaintiff fails to assert that Defendants' alleged actions violated his due process rights. Instead, Plaintiff only avers that the alleged conduct "constitute[s] cruel and unusual punishment under the Eighteenth (sic) Amendment to the United States Constitution[,] . . . as enforced against states through the 14th Amendment." (Doc. No. 6, p. 15). Plaintiff's Complaint should not be served for due process violation because he did not allege a due process violation despite the heading of Count Two. To the extent Plaintiff tried to state a claim for violation of his due process rights, such a claim should be **DISMISSED** for failure to actually state it.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

In addition, it is not necessary that a correctional officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, "an officer who is present at the scene and who fails to take reasonable steps to protect [a] victim of" the "use of excessive force can be held liable for his nonfeasance." See Skrtich v.

4

Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002) (citing Fundiller v. City of Cooper, 777 F.2d 1436, 1442 (11th Cir. 1985)).

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Johnson, Sapp, and Waters. A copy of Plaintiff's Complaint, Document Numbered 6, and a copy of this Order shall be served upon Defendants Johnson, Sapp, and Waters by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed in forma pauperis, service must be made by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the

AO 72A
(Rev. 8/82)

case are taken within the 140-day discovery period allowed by this court's local rules. Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, he is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

AO 72A
(Rev. 8/82)

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq*. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as the Defendant. Interrogatories <u>shall not be filed with the court</u>. Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

AO 72A
(Rev. 8/82)

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to

such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

SO ORDERED and REPORTED and RECOMMENDED, this 5th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE