
FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 APR 15 AM 11:

Moore
CLERK
SD. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| AL RICO MAPP, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: CV612-103 |
| DON JARRIEL; JOHN PAUL; DOUG WILLIAMS; WENDELL FOWLER; JAVAKA JOHNSON; JARVIS SAPP; and Officer WATERS, | : |
| Defendants. | : |

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. Plaintiff objects to the Magistrate Judge's recommendation that the claims against Defendants Jarriel, Williams, Paul, and Fowler be dismissed. In support of that objection, Plaintiff asks the Court to recognize that "acts which are in implementation of an *intentional policy*, . . . formal or informal, acknowledged or vigorously denied" create a cause of action when the "governing body has worked constitutional deprivation" pursuant to the policy. (Doc. No. 24, p. 2) (quoting City of Cave Spring v. Mason, 252 Ga. 3, 4-5, 310 S.E.2d 892, 893–94 (1984) (emphasis

AO 72A
(Rev. 8/82)

supplied by the undersigned to properly conform the quote to the original). Plaintiff has cited no intentional policy Defendants Jarriel, Williams, Paul, or Fowler allegedly implemented which caused the alleged constitutional violations.

Second, Plaintiff states that supervisory officials may be liable under 42 U.S.C. § 1983 if the supervisors are "well aware of a 'history of widespread abuse' and fail[ ] to correct alleged violations." (Doc. No. 24, p. 3) (quoting Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998)). Plaintiff's counsel asserts that this cause of action is Plaintiff's third case alleging excessive use of force by guards at Georgia State Prison and the fifth cause of action counsel has been involved with concerning excessive use of force and failure to protect claims allegedly occurring at Georgia State Prison. While the Court acknowledges these assertions as true, Plaintiff has not presented facts which reveal that Defendants Jarriel, Williams, Paul, or Fowler were aware of these allegations at the time Plaintiff avers he was subjected to the use of force in this case.

Plaintiff attempts to show that supervisory liability may be imposed upon Defendants Jarriel, Williams, Paul, and Fowler. However, Plaintiff did not bring a claim for supervisory liability in his Complaint. Even overlooking that failure, Plaintiff's allegations do not state a claim for supervisory liability. "[S]upervisory liability is appropriate under § 1983 either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation. Facts sufficient to establish a causal connection include those which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates

would act unlawfully and failed to stop them from doing so." Young v. Nichols, 398 F. App'x 511, 515 (11th Cir. 2010) (internal punctuation and citations omitted). Plaintiff does not allege that Defendants Jarriel, Williams, Paul, or Fowler personally participated in the alleged use of excessive force. Plaintiff does not allege that Williams, Paul, or Fowler directed the alleged actions of their subordinates. Plaintiff cites to a 1994 Fourth Circuit Court of Appeals case for a three-step analysis used to establish supervisory liability. (Doc. No. 24, p. 6). As counsel is aware, cases arising in the Fourth Circuit are of no more than persuasive authority to this Court. In addition, it seems Plaintiff argues that a history of widespread abuse can result in the defendants' knowledge that their subordinates would act unlawfully, the second method of establishing a causal connection under the Young test. As noted above, Plaintiff has not alleged any facts tending to show that there was a history of widespread abuse at Georgia State Prison of which the supervisory officials were aware. The only fact presented by Plaintiff is that he has filed three (3) lawsuits, which is insufficient to "show[ ] that [he] is entitled to relief" against Defendants Jarriel, Williams, Paul, or Fowler based on knowledge that their subordinates would act unlawfully. FED. R. CIV. P. 8(a)(2).

Plaintiff also files an objection based on a qualified immunity argument. However, the Magistrate Judge made no mention of qualified immunity in his Report and Recommendation, nor would he in his initial frivolity review of Plaintiff's Complaint.

Plaintiff's Objections are overruled. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Plaintiff claims against Defendants Jarriel, Williams, Paul, and Fowler are **DISMISSED**.

AO 72A
(Rev. 8/82)

Plaintiff's monetary damages claims against Defendants Johnson, Sapp, and Waters in their official capacities and his "due process" claim are **DISMISSED**.

**SO ORDERED**, this 15 day of April, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA