UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AL RICO MAPP,

Plaintiff,

v.                    6:12-cv-103

JAVAKA JOHNSON, et al.,

Defendants.

## ORDER

Plaintiff Al Rico Mapp has filed a Motion in Limine seeking to exclude 1) evidence of prior criminal convictions and 2) references to K building at Georgia State Prison being the "special management" unit. ECF No. 44. Defendants filed a response opposing most of the motion, but concede that they will not present evidence of Mr. Mapp's misdemeanor criminal convictions or drug convictions that occurred more than ten years before trial, ECF No. 50 at 5.

Mr. Mapp is currently serving a life sentence for an armed robbery conviction that occurred on July 21, 2004. ECF No. 44 at 1. Both parties recognize that Federal Rule of Evidence 609(b) generally excludes evidence of felony convictions greater than ten years old for the purpose of impeaching a witness. And both parties argue that Rule 403, which permits the Court to exclude "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice," apply in their favor. ECF Nos. 44 at 7; 50 at 6-7.

Mapp's armed robbery conviction occurred just under ten years ago. And introduction of evidence of Mapp's armed robbery conviction will not unfairly prejudice him. The jury, simply by virtue of the nature of the case, will know that Mapp is a prisoner. Providing evidence of the conviction underlying his incarceration will not add substantially to the prejudice inherent in Mapp's status as a prisoner. Particularly given "[t]he implicit assumption of Rule 609 . . . that prior felony convictions have probative value," *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998), Mapp's motion to exclude evidence of his armed robbery conviction is ***DENIED***.

The incident in question occurred in K building of Georgia State Prison, which the Defendants identify as the "special management" unit. ECF No. 44 at 1. Mapp argues that identifying the unit as "special management" will unduly prejudice him because inmates are housed in K building for a variety of reasons, some being innocuous. *Id.* at 1-2, 8-9. Defendants respond that the parties stipulated to the fact that Mapp was assigned to the K building, which "houses special management inmates." ECF No. 50 at 9 (citing ECF No. 35 at 21). Moreover, the Defendants contend that Mapp's status as a "special management" inmate is probative of appropriate response to his behavior. *Id.* at 9-10.

The Court agrees with Defendants on both arguments, but analyzes only the substantive argument. Rule 403 only excludes evidence if danger of confusion or unfair prejudice *substantially* outweighs probative value. If Mapp was not in the "special management" unit due to any

malfeasances as his attorney contends, ECF No. 44 at 2, he may testify to that, and Mapp's attorney may present evidence to establish all of the reasons why an inmate may be placed in the "special management" unit. Because Mapp will have ample opportunity to explain his position, the Court cannot say that any reference to "special management" will substantially outweigh probative value; in fact, given the opportunity to explain himself, reference to "special management" may not pose any danger to Mapp's case. The Court *DENIES* the motion and the Defendants may refer to K building as the "special management" unit.

In summary, the Court *DENIES* Mapp's Motion in Limine in whole.

This 26 day of February 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA